IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| THOMAS HEIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:16-CV-81-RWS-JCF |
| IMS GEAR HOLDING, INC., et al., | : |
| | : |
| | : |
| Defendants. | : |

## ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Clay Fuller [Doc. No. 81].

**I.  Legal Standard**

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536,

1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation.  Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.   Objections

The Court will address Defendants' objections in turn.

### A.   R&R Misconstrues Facts

First, Defendants argue that the R&R states that "the facts are construed in the light most favorable to Plaintiff as the non-movant" [Doc. No. 81, pp. 3-4], which is inappropriate at least as to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 67].  The Court agrees and believes that the corresponding statement regarding Defendants as non-movants was simply omitted from the

R&R. The Court has reviewed the R&R as a whole and finds that it appropriately construes the facts in the light most favorable to Defendants as the non-movants when considering Plaintiff's Motion for Partial Summary Judgment.

### B.     FMLA Notice

Second, Defendants argue that the Court must determine at what point Plaintiff's emails, from January 17 to January 19, provided Defendants with sufficient notice of FMLA-qualifying leave as a matter of law. Specifically, Defendants contend that Plaintiff's failure to distinguish the severity of his mid-January episode of ulcerative colitis from a self-described "upset stomach," as well as his failure to treat the episode in the same manner as prior incidents, prevent any reasonable juror from concluding that Plaintiff's emails from January 17 and 18 provided adequate notice of a potentially FMLA-qualifying event.

The Court disagrees. The parties do not dispute that Plaintiff's need for FMLA leave was unforeseeable. Thus, Plaintiff was required to provide notice to Defendants "as soon as possible under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a). The parties also do not dispute that Plaintiff was assigned additional tasks on Monday, January 18. Thus, the critical question is whether Plaintiff's notice was sufficient such that Corbin's assignment

3

of tasks to Plaintiff on January 18 discouraged or otherwise interfered with Plaintiff's ability to take FMLA leave to seek treatment. The question of whether notice was given, and if so, what the notice consisted of and when it was given, is one of fact. Here, summary judgment must be denied to both parties on Plaintiff's FMLA interference claim.

### C. Pretext for FMLA Retaliation Claim

Third, Defendants argue that Plaintiff cannot prove pretext for his FMLA retaliation claim. The Court disagrees. Plaintiff has presented sufficient evidence of a genuine issue of material fact. While temporal proximity may not be enough on its own to establish pretext, it is certainly a strong contributing factor to be considered where, as here, the termination took place two days after Plaintiff returned from leave. There is clearly a genuine issue of material fact as to whether Plaintiff's leave was the precipitating event in Corbin's decision to terminate him.

Defendants argue that the Court should apply a "but-for" causation standard in rejecting Plaintiff's argument that Defendants' reason for his termination was pretextual. However, the Eleventh Circuit has yet to directly address the issue of but-for cause with respect to FMLA retaliation. Defendants fail to persuade the Court that Plaintiff must prove that the <u>only</u> reason for his termination was his use

of FMLA-qualifying leave.

### D. Pretext for ADA Discriminatory Termination Claim

Fourth, Defendants argue that Plaintiff cannot establish pretext for his ADA discriminatory termination claim. Specifically, Defendants contend that Plaintiff's absences combined with performance issues eliminate any possibility of a triable issue of fact regarding the effect of Plaintiff's single period of absence on his termination. The Court disagrees. In light of the temporal proximity of the termination and Corbin's express inclusion of Plaintiff's medical leave in his termination rationale, there is a genuine issue of material fact regarding whether Defendants terminated Plaintiff on the basis of his disability.

### E. Triable Fact for ADA Retaliation Claim

Finally, Defendants argue that Plaintiff cannot establish a genuine issue of material fact for his ADA retaliation claim. The Court disagrees. Plaintiff specifically alleged that he sought medical leave to accommodate "episodic flare-ups of his disability" [Doc. No. 2, ¶ 183]. Plaintiff's correspondence with Corbin at least creates a genuine issue of material fact with regard to whether Plaintiff engaged in a protected activity by putting Defendants on notice that he required medical treatment on January 17 and 18. Triable issues also exist both as to

5

whether Plaintiff's termination was causally related to his request to take medical leave and as to whether Defendants' proffered reason for terminating Plaintiff was pretextual.

### III. Conclusion

For the reasons stated above, Defendant's objections [Doc. No. 84] are OVERRULED. The Court has reviewed the remainder of the R&R for plain error and has found none. As such, the R&R [Doc. No. 81] is hereby approved and adopted as the opinion and order of this Court.

Plaintiff's Motion for Partial Summary Judgment [Doc. No. 67] is GRANTED in part and DENIED in part. Plaintiff's Motion [Doc. No. 67] is GRANTED as to whether the Georgia Defendants were Plaintiff's single employer for purposes of the FMLA and ADA, GRANTED as to whether Plaintiff has a disability for purposes of the ADA, and DENIED on the claims for interference (Count I) and retaliation (Count II) under the FMLA.

Defendants' Motion for Summary Judgment [Doc. No. 66] is GRANTED in part and DENIED in part. Defendants' Motion [Doc. No. 66] is GRANTED as to Plaintiff's un-pled employer-notice claims under the FMLA, the ERISA notice claim (Count VI), and any claim under O.C.G.A. § 13-6-11 (Count IX).

6

Defendants' Motion [Doc. No. 66] is DENIED as to the FMLA claims (Counts I and II), the ADA claims (Counts III, IV, and V), the COBRA notification claim (Count VI), and the ERISA § 510 claim (Count VII).

**SO ORDERED**, this 27th day of February, 2018.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A (Rev.8/82)